UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CRAWFORD: JORDAN-A, Chief Justice ) <br> ex rel. Jordan Alexander Crawford, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, et al., ) <br> ) <br> Defendants. ) | Case No. 4:22 CV 783 CDP |

## MEMORANDUM AND ORDER

Plaintiff Crawford: Jordan-A brings this action to declare that he is a member of the Yamassee Native Americans of the Creek Nation; that as a tribal member, he is not a citizen of the United States, of any State, or of any local municipality; that he is governed by divine law and not the man-made laws of any nation, State, or municipality; and that therefore any documents, contracts, or instruments that bear his signature are void and invalid as obtained through a fraudulent presumption that he acts as surety or representative, or serves in any capacity for a legal fiction. I will dismiss the case for lack of Federal subject-matter jurisdiction.

This Court can attain subject-matter jurisdiction through Federal questions, *see* 28 U.S.C. § 1331, or through diversity jurisdiction, *see* 28 U.S.C. § 1332. Under § 1331, a Federal district court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." A non-

frivolous claim of a right or remedy under a Federal statute is sufficient to invoke Federal question jurisdiction. *Northwest S.D. Prod. Credit Ass'n v. Smith,* 784 F.2d 323, 325 (8th Cir. 1986).  Diversity jurisdiction under § 1332 requires an amount in controversy greater than $75,000 and complete diversity of citizenship between the parties.

Whether the Court has subject-matter jurisdiction to decide the merits of a case is a threshold matter.  *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998).  "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868).  While allegations of subject-matter jurisdiction need only meet a relatively low standard, "wholly insubstantial and frivolous claims," claims that are "essentially fictitious," and claims that are "obviously without merit" do not meet the standard.  *Shapiro v. McManus*, 577 U.S. 39, 45-46 (2015) (citing cases).  The question of subject-matter jurisdiction "may be raised . . . by a court on its own initiative[ ] at any stage in the litigation." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006).  If I find that this Court lacks subject-matter jurisdiction over an action, Federal Rule of Civil Procedure 12(h)(3) requires that I dismiss it.

Crawford appears to invoke the authority of this Court through Federal Rule

of Civil Procedure 57 and 28 U.S.C. § 2201, which permits the Court to "declare the rights and other legal relations of any interested party seeking such declaration[.]" 28 U.S.C. § 2201(a).  I may declare such rights and legal relations, however, only in a "case of actual controversy within [this Court's] jurisdiction." *Id.*  Mere invocation of Rule 57 or of § 2201 does not confer subject-matter jurisdiction on this Court.  *Aluminum Housewares Co. v. Chip Clip Corp.*, 609 F. Supp. 358, 362 (E.D. Mo. 1984) (citing *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178 (1936); *First Fed. Sav. & Loan Ass'n of Harrison, Ark. v. Anderson,* 681 F.2d 528 (8th Cir. 1982)).  Instead, there must be subject-matter jurisdiction over the underlying claim.  *First Fed. Sav. & Loan*, 681 F.2d at 531.  There is none here.

Crawford proceeds in this action pro se, which requires me to give liberal construction to his complaint.  *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015).  But liberal construction does not mean that I supply missing facts to a plaintiff's allegations or ignore a plaintiff's failure to allege facts setting forth a cognizable claim.  *Stone v. Harry*, 364 F.3d 912 (8th Cir. 2004); *Gaskins v. South Carolina*, No. 2:15-cv-2589 DCN, 2015 WL 6464440, at *2 (D.S.C. Oct. 26, 2015).

It is nearly impossible to discern any coherent factual allegations in Crawford's 36-page complaint.  As set out above, it appears he brings this action to declare that he is a member of the Yamassee Native Americans of the Creek Nation; that as a tribal member, he is not a citizen of the United States, of any State, or of

any local municipality; that he is governed by divine law and not the man-made laws of any nation, State, or municipality; and that therefore any documents, contracts, or instruments that bear his signature are void and invalid as obtained through a fraudulent presumption that he acts as surety or representative, or serves in any capacity for a legal fiction.  His complaint includes sections labeled "Affidavits of Truth," "Official Public Notice," "Documents Void Ab Initio," "Notice of Status," "Statement of Lawful Status," "Presumption of Status," "Documents Constitute Fraud," "Perjury Jurat," "The Drafted Declaration of the Rights of Indigenous Peoples," "The Universal Declaration of Human Rights," "The International Covenant on Civil and Political Rights," and the "Declaration of Independence of the Yamassee Native Americans of the Creek Nation."  In one "Affidavit of Truth," Crawford sends

> countless salutations and blessing upon Her Imperial Highness Qe-mamt Mary C . York, "Sunflower Child", Empress of the Yamassee Native Americans of the Creek Nation as well as Her Imperial Highness Verdiacee "Tiari" Washitaw-Turner Goston El -Bey, Empress of the Washitaw Empire, and we acknowledge all of her heirs appointees, we acknowledge all of us as indigenous Americans being true children of the Negroid Nuwbuns who the Aztecs called Olmecs whose homeland was Nuwba, a country located in what is now known as present day Sudan.

(ECF 1 at header p. 26.)  He then declares the establishment of various "departments and institutions" for his tribe, including a Department of State, Department of Arms Control and International Security, Department of Nuwaupian Missions Abroad, the

Yamassee Native Americans of the Creek Nation Trial Court and Court of Appeals, and many others.  (*Id.*)[1]

None of the various sections of Crawford's complaint sheds any light on what controversy, claims, or facts may be at issue, or what possible basis might exist for Federal jurisdiction.  Although Crawford invokes 18 U.S.C. § 1201 to argue that the selling and enslavement of his ancestors constituted kidnapping under that statute, § 1201 does not provide a private cause of action.  He also cites to the "Federal Tax Lien Act of 1966" and other provisions of the Internal Revenue Code but makes no assertion of how he is affected thereby.  He declares that centuries-old treaties entered into between tribal nations and the United States have been breached and that he is "reclaiming [his] inalienable right to make all decisions over myself" in accordance therewith.  (ECF 1 at header p. 34.)  And although he includes 28 U.S.C. § 4104 and 42 U.S.C. §§ 1983 and 1988 in the caption of his complaint (*see* ECF 1 at header p. 2), his rambling, disjointed, and nonsensical narrative that follows does not clarify how or why these statutes are implicated.

Even liberally construing Crawford's complaint, it is not possible to discern any cause of action, much less any coherent supporting facts.  The Supreme Court has explained that a "patently insubstantial complaint may be dismissed . . . for want of subject-matter jurisdiction[.]"  *Neitzke v. Williams*, 490 U.S. 319, 327 n.6 (1989).

---

[1] Attached to the complaint are several documents, including a "Certificate of Affirmation for Yamassee Creek Tribal Nationality," "Affidavit of Name Change," the "Yamassee Tribe of the Creek Nation Trbial Plebiscite Trust Charter," and the like.  (ECF 1-1.)

*See also Shapiro*, 577 U.S. at 45-46.  This is such a case.  No basis for subject-matter jurisdiction can be discerned from the 36-page rambling complaint.  No Federal question appears on the face of the complaint.  Nor does the complaint allege facts bringing it within this Court's diversity jurisdiction.  The complaint simply alleges no discernable cause of action.

The terminology and phrases Crawford uses in his complaint are strikingly similar to that used in "sovereign citizen" complaints, wherein complainants believe that State, Federal, and local governments have no authority over them and cannot regulate their behavior.  Such theories have been summarily rejected as frivolous by the Eighth Circuit and several other courts around the country.  *See*, *e.g.*, *United States v. Hart*, 701 F.2d 749, 750 (8th Cir. 1983) (rejecting jurisdictional challenge based on defendant's argument he was a sovereign citizen); *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990) (describing "sovereign citizen" theory as having "no conceivable validity in American law."); *United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992) (court found argument "completely without merit" and "patently frivolous" and rejected it "without expending any more of this Court's resources or discussion."); *United States v. Benabe*, 654 F.3d 753, 761-67 (7th Cir. 2011) (describing the conduct of another "sovereign citizen" and collecting cases rejecting the group's claims as frivolous – "These theories should be rejected summarily, however they are presented."); *United States v. Sterling,* 738

F.3d 228, 233 n.1 (11th Cir. 2013); *United States v. Simonson*, 563 F. App'x. 514 (8th Cir. 2014) (stating that appellants' argument "that they are special, sovereign citizens" was frivolous).

Upon careful review of and giving liberal construction to Crawford's complaint, I find that it comprises wholly insubstantial and frivolous claims, claims that are essentially fictitious, and claims that are obviously without merit.  I will therefore dismiss the complaint under Rule 12(h)(3) for lack of subject-matter jurisdiction.  I can envision no amendment to the complaint that would cause it to state a claim within this Court's subject-matter jurisdiction.  I will therefore dismiss the action with prejudice.

Accordingly,

**IT IS HEREBY ORDERED** this action is **DISMISSED with prejudice** for lack of Federal subject-matter jurisdiction.

**IT IS FURTHER ORDERED** that any motions pending in this action are **DENIED as moot.**

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 19th day of August, 2022.